UFE Incorporated and Pacific Indemnity Company, Plaintiffs-Appellants,†

v.

Labor & Industry Review Commission and Jerry Huebner, Defendants-Respondents.

Court of Appeals

*No. 94–2794. Submitted on briefs March 6, 1995.—Decided April 4, 1995.*

(Also reported in 534 N.W.2d 627.)

†Petition to review granted.

For the plaintiffs-appellants the cause was submitted on the briefs of *Bradley C. Lundeen* of *Mudge Porter & Lundeen, S.C.* of Hudson.

For the defendants-respondents the cause was submitted on the brief of *James E. Doyle*, attorney general, and *Lowell E. Nass*, assistant attorney general.

Before Cane, P.J., LaRocque and Myse, JJ.

MYSE, J.   UFE Incorporated and Pacific Indemnity Company (UFE) appeal a judgment that affirmed the Labor and Industry Review Commission's determination that UFE was responsible for the out-of-state health care expenses incurred by its employee, Jerry Huebner, as a result of injuries that he sustained during the course of his work. LIRC found that because Huebner's physician referred him to an out-of-state health care provider, UFE was responsible for the out-of-state health care despite the fact that Huebner did not obtain its consent prior to undergoing the care. UFE, however, contends that under § 102.42(2)(a), STATS., it may only be held responsible for medical expenses that an employee incurs from an out-of-state health care provider if it agrees to permit the employee to seek out-of-state health care. Because Huebner did not seek or obtain permission from UFE to obtain out-of-state health care services, UFE contends that the trial court erred by affirming LIRC's determination

that UFE is responsible for Huebner's out-of-state health care expenses. We conclude that ch. 102 does not require an employee to obtain the employer's consent prior to obtaining out-of-state health care where the employee's Wisconsin physician refers him or her to the out-of-state health care provider. We therefore affirm the judgment.

The facts of this case are undisputed. Jerry Huebner worked as a press operator for UFE Incorporated. After thirteen years of employment, Huebner developed right and left wrist problems, which were determined to be work related. As a result of his injury, Huebner obtained treatment from several doctors. Eventually, Huebner's family physician, Dr. Eugene Jonas, referred him to the Mayo Clinic in Rochester, Minnesota, for further evaluation. Huebner visited the Mayo Clinic on three occasions and incurred medical expenses totaling $2,204.40. Huebner did not seek or obtain UFE's consent prior to obtaining treatment at the Mayo Clinic. Huebner ultimately presented his medical expenses to UFE for payment. Relying on § 102.42(2)(a), STATS., UFE refused to provide payment for the medical expenses, claiming that it was not responsible for the expenses because Huebner failed to obtain its consent prior to undergoing the out-of-state medical treatment.

Huebner subsequently filed an application with the Department of Industry, Labor and Human Relations seeking payment of the out-of-state medical expenses. A hearing was held before the administrative law judge (ALJ) who concluded that UFE was responsible for the medical expenses. The ALJ found that § 102.42(2)(a), STATS., only requires an employee to obtain consent from the employer before undergoing out-of-state medical care where the employee "chooses"

to obtain out-of-state treatment. Here, however, the ALJ concluded that because Huebner's Wisconsin physician referred him to the Mayo Clinic, he did not choose to obtain out-of-state treatment. The ALJ therefore concluded that § 102.42(2)(a) was inapplicable.

UFE appealed the ALJ's decision to LIRC. LIRC, however, agreed with the ALJ's conclusion, stating:

> The last sentence in section 102.42(2)(a), STATS., provides that treatment by a practitioner on referral from another practitioner is deemed to be treatment by one practitioner. In this case [Huebner] testified that his treating physician, Dr. Jonas, referred him to the Mayo Clinic in Minnesota for treatment. In a previous commission decision, *Mary Ann Olson v. Northern Engraving Corp.*, commission decision dated December 30, 1992, involving a similar referral by a treating physician to the Mayo Clinic for treatment, the commission noted that the statute clearly distinguishes between an applicant's choice to see a specific physician in the first instance and a subsequent referral to another physician. The commission held that the statute limits the choice of an out of state physician rather than a referral to one, and that prior permission from the insurer is not necessary for a referral to the Mayo Clinic assuming that the applicant was actually referred there.

LIRC therefore concluded that Huebner's out-of-state medical expenses were covered under the Act. On further appeal, the trial court concluded that LIRC's decision was proper and granted judgment in favor of Huebner.

The first issue we must address is the standard of review to be applied in reviewing LIRC's determina-

tion. Our supreme court has created three standards of review to be applied to LIRC's conclusions of law and statutory interpretations:

> First, if the administrative agency's experience, technical competence, and specialized knowledge aid the agency in its interpretation and application of the statute, the agency determination is entitled to "great weight." The second level of review is a mid-level standard that provides if the agency decision is "very nearly" one of first impression it is entitled to "due weight" or "great bearing." The third level of review is de novo and is applied when the case is clearly one of first impression for the agency and the agency lacks special expertise or experience in determining the question presented.

*Kelley Co. v. Marquardt*, 172 Wis. 2d 234, 244-45, 493 N.W.2d 68, 73 (1992) (citations omitted). Recently, however, this court has stated that where deference is appropriate under the standards just discussed, "the deference to be accorded the agency's interpretation—however it may be characterized—is this: '[W]e will affirm the [agency's] interpretation of the statute if it is reasonable, even if another conclusion would be equally reasonable.' " *Carrion Corp. v. DOR*, 179 Wis. 2d 254, 265, 507 N.W.2d 356, 359 (Ct. App. 1993). Thus, whether we review LIRC's determination with great deference or due deference, we will affirm its decision if it is reasonable. *Id.*

UFE contends that we should apply a de novo standard of review to LIRC's decision because LIRC does not have a long-standing rule regarding the availability of out-of-state medical care following a referral from a Wisconsin physician. Indeed, UFE contends that LIRC has only issued three decisions on the question whether out-of-state medical expenses that are

incurred without the employer's consent are covered under the Worker's Compensation Act. UFE further contends that each of these decisions has resulted in a different outcome.

The three decisions to which UFE refers are: *AMC v. LIRC*, No. 84-CV-5736 Dane County (June 10, 1985), based on a commission decision dated September 27, 1984; *Allans Electric Inc. v. LIRC*, No. 88-CV-1058 Wood County (Nov. 16, 1989), based on a commission decision dated October 10, 1988; and the commission's decision in *Olson v. Northern Engraving Corp.*, No. 90-053540 (Dec. 30, 1992). In *AMC*, the Dane County Circuit Court reversed a LIRC decision that found an employer responsible for out-of-state medical expenses incurred by its employee. In *Allans Electric*, the Wood County Circuit Court affirmed a LIRC decision, which concluded that "Wisconsin law prevents imposition of liability upon the [employer] for charges incurred by the [employee] for treatment by practitioners in Illinois." *Id.* at 4. Finally, in *Olson*, LIRC concluded that § 102.42(2)(a), STATS., does not excuse an employer from liability for out-of-state medical expenses that its employee incurs following a referral from a Wisconsin physician. Based upon LIRC's foregoing determinations, UFE contends that LIRC does not have special expertise in the application and interpretation of § 102.42(2)(a) and that we should apply a de novo standard of review.

UFE correctly asserts that LIRC does not have a great deal of experience in the application and interpretation of § 102.42(2)(a), STATS. This fact alone, however, does not necessarily lead to the conclusion that we should apply a de novo standard of review. We apply the de novo standard of review only where the

issue is clearly one of first impression. *Kelley*, 172 Wis. 2d at 244-45, 493 N.W.2d at 73. As *AMC*, *Allans Electric* and *Olson* demonstrate, the issue presented in this case is not one of first impression for LIRC. Further, we note that LIRC has applied and interpreted this section of the statute over the course of the past seven years and that it has a certain level of expertise in determining what medical expenses are covered under the Act. The sum of this experience is sufficient to entitle LIRC's determination to "due weight."

Having concluded that LIRC's determination is entitled to due weight, we must next determine whether LIRC reasonably concluded that the Worker's Compensation Act covers out-of-state medical expenses that an employee incurs following a referral from a Wisconsin physician. Section 102.42(2)(a), STATS., provides in relevant part:

> (2) CHOICE OF PRACTITIONER. (a) Where the employer has notice of an injury and its relationship to the employment the employer shall offer to the injured employe his or her choice of any physician, chiropractor, psychologist or podiatrist licensed to practice and practicing in this state for treatment of the injury. By mutual agreement, the employe may have the choice of any qualified practitioner not licensed in this state. . . . Partners and clinics are deemed to be one practitioner. Treatment by a practitioner on referral from another practitioner is deemed to be treatment by one practitioner.

UFE contends that § 102.42(2)(a), STATS., is ambiguous and that we must therefore examine its legislative history to determine the legislature's intent. Based upon its review of the legislative history, UFE argues that the clear legislative purpose of this statute is to limit an employer's responsibility for out-of-state

medical bills by making the employer's approval a prerequisite to coverage under the Act. Accordingly, UFE claims that § 102.42(2)(a) requires that the employer approve out-of-state medical expenses regardless of whether the employee chooses or is referred to an out-of-state physician.

LIRC, on the other hand, argues that the language of the statute is clear and unambiguous. LIRC concedes that the statute requires mutual agreement between the employer and employee before the employee may choose to obtain treatment from an out-of-state physician. However, LIRC contends that there is no such requirement where the out-of-state medical services result from a referral of the employee's Wisconsin physician. As support for this contention, LIRC notes that the last sentence of § 102.42(2)(a), STATS., states: "Treatment by a practitioner on referral from another practitioner is deemed to be treatment by one practitioner." LIRC argues that this language clearly and unambiguously provides that treatment by a physician on referral is deemed to be treatment by the referring physician, whether the referral is to an in-state or out-of-state practitioner. Accordingly, LIRC argues that because Huebner's referring physician was a Wisconsin practitioner, he was not required to obtain UFE's approval prior to undergoing treatment at the Mayo Clinic.

Based upon our reading of the statute and our obligation to accord the LIRC's determination due weight, we conclude that LIRC could reasonably conclude that the statute does not require an employee to obtain approval from his or her employer prior to undergoing out-of-state medical treatment that results from a referral by a Wisconsin physician. Under the statute, mutual agreement is required if the employee

"chooses" an out-of-state physician. Choice implies a voluntary decision by an employee to seek medical treatment from a particular physician. Thus, if an employee voluntarily chooses an out-of-state physician and accepts treatment from that physician without the employer's prior approval, the expenses associated with that treatment are not covered under the Act. In this case, however, Huebner did not voluntarily choose to obtain treatment at the Mayo Clinic. Rather, he was referred there by his treating physician. When a referral is made, the employee obtains the medical treatment not because he or she has voluntarily chosen such treatment, but because his or her physician, as a professional health care provider, has determined that such care is necessary to the employee's well-being. Because Huebner did not voluntarily choose to obtain the out-of-state treatment, he was not required to obtain UFE's prior approval.

Moreover, we note that § 102.42(2)(a), STATS., does not require mutual agreement for referrals. The statute provides that treatment by a physician on referral is deemed to be treatment by one practitioner. The clear import of this language is that treatment by a physician on referral is equivalent to treatment by the referring physician, regardless whether the referral is made to an in-state or out-of-state physician. Because Huebner was referred to the Mayo Clinic by his Wisconsin physician, the treatment he received from the Mayo Clinic is treated as though it were provided by his Wisconsin physician. Accordingly, prior approval was not required.

Finally, and perhaps most importantly, we note that the purpose of the Worker's Compensation Act is to allow the employee to recover those medical

expenses that are necessary to his or her well-being. *Nigbor v. DILHR*, 120 Wis. 2d 375, 382, 355 N.W.2d 532, 536 (1984). If an employee's in-state physician determines that the employee's well-being demands medical treatment that is not accessible within the state, those expenses fall within the purpose of the Act and may be recovered by the employee. To hold otherwise would frustrate the purpose of the Act by allowing employers to deprive employees of necessary health care that has been recommended by an in-state physician. This we will not do. Therefore, for the foregoing reasons, we conclude that LIRC could reasonably conclude that Huebner was not required to secure prior permission from UFE to obtain coverage under the Act.

UFE argues that our interpretation of § 102.42(2)(a), STATS., throws the door open to uncontrolled out-of-state medical costs and will ultimately result in financial disaster for employers and their insurance companies. A responsible referring physician, however, is required by his or her ethical obligations and professional responsibilities to provide treatment that is necessary for the patient. The suggestion that treating physicians will refer patients to expensive out-of-state treatment centers without justification is contrary to the physicians' responsibilities. When the patient's best interests require the assistance of a specialist or techniques that are unavailable within this state, a treating physician must have the authority to make an appropriate referral. We will not limit the physicians' ability to make referrals that are necessary to the employee's welfare by requiring the employer's prior approval. We believe the physicians' commitment to their profession and the standards that govern their conduct adequately protect employers and insurance companies from any abuses they may fear.

371

*By the Court.*—Judgment affirmed.