UFE INCORPORATED and Pacific Indemnity Company,
Plaintiffs-Appellants-Petitioners,

v.

LABOR & INDUSTRY REVIEW COMMISSION and Jerry
Huebner, Defendants-Respondents.

Supreme Court

*No. 94–2794. Oral argument April 2, 1996.—Decided May 22,
1996.*

(Also reported in 548 N.W.2d 57.)

276

For the plaintiffs-appellants-petitioners there were briefs by *Bradley C. Lundeen, R. Michael Water-*

*man* and *Mudge Porter Lundeen & Seguin, S.C.*, Hudson and oral argument by *Bradley C. Lundeen.*

For the defendants-respondents the cause was argued by *Lowell E. Nass*, assistant attorney general, with whom on the brief was *James E. Doyle*, attorney general.

Amicus curiae brief was filed by *Philip Lehner* and *Capwell and Berthelsen*, Racine for the Wisconsin Manufacturers and Commerce and Civil Trial Counsel of Wisconsin.

DONALD W. STEINMETZ, J. The issue in this case is whether Wis. Stat. § 102.42(2)(a) (1993-94),[1] a section of the Worker's Compensation Act (the Act), requires UFE Incorporated (UFE) to pay the out-of-state health care expenses incurred by one of its employees without UFE's consent. The court of appeals interpreted Wis. Stat. § 102.42(2)(a) as not requiring

---

[1] Wis. Stat. § 102.42(2)(a) provides:

**(2) Choice of practitioner.** (a) Where the employer has notice of an injury and its relationship to the employment the employer shall offer to the injured employe his or her choice of any physician, chiropractor, psychologist or podiatrist licensed to practice and practicing in this state for treatment of the injury. By mutual agreement, the employe may have the choice of any qualified practitioner not licensed in this state. In case of emergency, the employer may arrange for treatment without tendering a choice. After the emergency has passed the employe shall be given his or her choice of attending practitioner at the earliest opportunity. The employe has the right to a 2nd choice of attending practitioner on notice to the employer or its insurance carrier. Any further choice shall be by mutual agreement. Partners and clinics are deemed to be one practitioner. Treatment by a practitioner on referral from another practitioner is deemed to be treatment by one practitioner.

All future references to Wis. Stats. are to the 1993-94 statutes.

UFE's consent to the out-of-state health care expenses since the expenses were incurred through a referral from a practitioner who was chosen in accordance with the statute. *See UFE Inc. v. LIRC*, 193 Wis. 2d 361, 369-70, 534 N.W.2d 627 (Ct. App. 1995). We conclude that the statute is ambiguous and the interpretation of the Labor & Industry Review Commission (LIRC) should be given due deference. Since we agree that this interpretation is the most reasonable under the statute, and since it promotes the underlying purpose of the Act, we affirm the court of appeals.

Jerry Huebner worked as a press operator for UFE. After 13 years of employment, Huebner developed work-related right and left wrist problems. After obtaining medical treatment from several doctors, Huebner's family physician, Dr. Eugene Jonas, eventually referred him to the Mayo Clinic in Rochester, Minnesota, for further evaluation. Huebner visited the Mayo Clinic on three occasions and incurred medical expenses totalling $2,204.40. Although Huebner did not seek or obtain UFE's consent prior to obtaining treatment at the Mayo Clinic, he presented his medical expenses to UFE for payment. Relying on Wis. Stat. § 102.42(2)(a), UFE informed Huebner that it would not pay the Mayo Clinic expenses because Huebner had failed to obtain its consent prior to undergoing medical treatment out-of-state.

Huebner subsequently filed an application with the LIRC seeking payment of the Mayo Clinic medical expenses. A hearing was held before an administrative law judge (ALJ) who concluded that UFE was responsible for the expenses. The ALJ found that Wis. Stat. § 102.42(2)(a) only requires an employee to obtain consent from his or her employer before undergoing out-of-state medical care when the employee "chooses" to

obtain the out-of-state treatment. Here, however, the ALJ reasoned, Huebner's Wisconsin licensed physician referred him to the Mayo Clinic; Huebner did not "choose" the out-of-state treatment.

On review, LIRC agreed with the ALJ's conclusion and reasoning. It stated:

> [T]he commission agrees with the administrative law judge that the applicant did not go to the Mayo Clinic by choice but because his family doctor referred him there, and that prior permission of the carrier was not necessary for the referral to the Mayo Clinic.

UFE, pursuant to Wis. Stat. § 102.23, petitioned for judicial review of the commission's decision. The St. Croix County Circuit Court, Judge C. A. Richards, affirmed LIRC's interpretation of the statute. UFE then sought relief from the court of appeals claiming that LIRC's interpretation contravened the plain language of the statute. The court of appeals affirmed and UFE and Pacific Indemnity Company, UFE's insurer, petitioned this court for review.

This case requires us to interpret Wis. Stat. § 102.42(2)(a) of the Worker's Compensation Act. The ultimate goal of statutory interpretation is to ascertain the intent of the legislature. *See Rolo v. Goers*, 174 Wis. 2d 709, 715, 497 N.W.2d 724, 726 (1993). The first step of this process is to look at the language of the statute. *See In Interest of Jamie L.*, 172 Wis. 2d 218, 225, 493 N.W.2d 56, 59 (1992). If the plain meaning of the statute is clear, a court need not look to rules of statutory construction or other extrinsic aids. *State Historical Society v. Maple Bluff*, 112 Wis. 2d 246, 252, 332 N.W.2d 792 (1983). Instead, a court should simply

apply the clear meaning of the statute to the facts before it. If, however, the statute is ambiguous, this court must look beyond the statute's language and examine the scope, history, context, subject matter and purpose of the statute. *See Rolo*, 174 Wis. 2d at 715. Furthermore, if an administrative agency has been charged with the statute's enforcement, a court may also look to the agency's interpretation.[2] *See State ex rel. Parker v. Sullivan*, 184 Wis. 2d 668, 699, 517 N.W.2d 449 (1994).

We first, therefore, turn to the statute itself to determine if it is ambiguous. Wisconsin Statute § 102.42(2)(a) allows an employee to have "his or her choice of any physician, chiropractor, psychologist or podiatrist licensed to practice and practicing in this state for treatment of the injury." If, however, the employee wishes to choose a non-Wisconsin practitioner, the employer must consent. The last sentence of the subsection, however, reads: "Treatment by a practitioner on referral from another practitioner is deemed to be treatment by one practitioner." Wis. Stat. § 102.42(2)(a).

It is unclear whether the requirement of employer consent applies to *all* out-of-state medical care or only

---

[2] The plain meaning of a statute takes precedence over all extrinsic sources and rules of construction, including agency interpretations. For example, even if an agency interpretation is accorded the highest level of deference by a court, great weight, it will not be upheld if the interpretation directly contravenes the clear meaning of the statute. *See Harnischfeger Corp. v. LIRC*, 196 Wis. 2d 650, 661-62, 539 N.W.2d 98 (1995); *State ex rel. Parker v. Sullivan*, 184 Wis. 2d 668, 699-700, 517 N.W.2d 449 (1994); *Lisney v. LIRC*, 171 Wis. 2d 499, 506, 493 N.W.2d 14 (1992).

the *initial* choice of practitioner made by the employee. One reasonable interpretation is that if treatment by a second practitioner through a referral is characterized by the statute as "treatment" by the original practitioner, then only the original practitioner need be licensed to practice in Wisconsin. UFE's position, however, that the statute expressly forbids all out-of-state treatment without mutual consent, is also reasonable.

■ The statute's ability to support two reasonable constructions creates an ambiguity which cannot be resolved through the language of the statute itself. "[A] statutory provision is ambiguous if reasonable minds could differ as to its meaning." *Harnischfeger Corp. v. LIRC*, 196 Wis. 2d 650, 662, 539 N.W.2d 98 (1995). We therefore must turn to extrinsic sources and rules of statutory construction in order to determine the intent of the legislature in enacting Wis. Stat. § 102.42(2)(a).

One such extrinsic source is the interpretation of the agency charged with enforcing the statute. LIRC concluded that a referral by a practitioner in Wisconsin for out-of-state treatment remains "treatment" by the original Wisconsin practitioner. Furthermore, it reasoned that if an employee receives out-of-state treatment recommended by his or her initial Wisconsin practitioner, it is not because the employee has chosen such treatment, but because his or her physician has determined that such care is necessary for the employee's well-being. Since Huebner's original physician was chosen pursuant to the statute, and since Huebner did not voluntarily choose to obtain the out-of-state treatment, LIRC determined that he was not required to obtain approval from UFE.

283

Although we are not bound by LIRC's interpretation, we do defer to agency interpretations in certain situations. *See Parker*, 184 Wis. 2d at 699. This court has identified three distinct levels of deference granted to agency decisions: great weight deference, due weight deference and de novo review. *See Jicha v. DILHR*, 169 Wis. 2d 284, 290, 485 N.W.2d 256 (1992). Which level is appropriate "depends on the comparative institutional capabilities and qualifications of the court and the administrative agency." *Parker*, 184 Wis. 2d at 699. Many times, as in this case, the parties to an action strongly disagree on the proper standard to be employed.

LIRC contends that its interpretation of Wis. Stat. § 102.42(2)(a) should be accorded great weight deference. We disagree. This court recently addressed great weight deference in detail in *Harnischfeger*. In order for an agency interpretation to be accorded great weight deference, all four of the following requirements must be met:

> (1) the agency was charged by the legislature with the duty of administering the statute; (2) that the interpretation of the agency is one of long-standing; (3) that the agency employed its expertise or specialized knowledge in forming the interpretation; and (4) that the agency's interpretation will provide uniformity and consistency in the application of the statute.

*Harnischfeger*, 196 Wis. 2d at 660.

LIRC's experience with Wis. Stat. § 102.42(2)(a) clearly does not satisfy the requirements of the *Har-*

*nischfeger* test. It has only issued three decisions regarding which out-of-state medical expenses incurred without the employer's consent are covered under the Act. *See AMC v. LIRC*, No. 84-CV-5736 Dane County (June 10, 1985), based on commission decision dated September 27, 1984; *Allans Electric Inc. v. LIRC*, No. 88-CV-1058 Wood County (Nov. 16, 1989), based on a commission decision dated October 10, 1988; and *Olson v. Northern Engraving Corp.*, No. 90-053540 (Dec. 30, 1992). Furthermore, only one of these, *Olson*, addressed the specific issue involved in this case. Although LIRC's position in *Olson* is consistent with its position here, one holding hardly constitutes the type of expertise and experience needed by an agency for it to be afforded great weight deference by a court. *Cf. Harnischfeger*, 196 Wis. 2d at 660-61; *Parker*, 184 Wis. 2d at 700-03.

UFE, on the other hand, argues that this court should apply a de novo standard of review to LIRC's interpretation and not grant LIRC any deference. We also disagree with this position. A de novo standard of review is only applicable when the issue before the agency is clearly one of first impression, *Kelley Co., Inc. v. Marquardt*, 172 Wis. 2d 234, 244-45, 493 N.W.2d 68, 73 (1992), or when an agency's position on an issue has been so inconsistent so as to provide no real guidance, *Marten Transport, Ltd. v. DILHR*, 176 Wis. 2d 1012, 1018-19, 501 N.W.2d 391 (1993). As LIRC's opinions in *AMC, Allans Electric*, and *Olson* demonstrate, this is not the first time that questions concerning out-of-state medical expenses under Wis. Stat. § 102.42(2) have come before it. LIRC has applied and interpreted this subsection over the last seven years and has devel-

oped some level of expertise in determining what medical expenses an employer is responsible for.

UFE, however, contends that LIRC has been inconsistent in its treatment of this issue and as such should not be accorded any deference. UFE points to LIRC's decision in *Allans Electric* where it did not allow an employee to recover certain out-of-state medical expenses. However, it is clear that *Allans* did not involve expenses incurred through a referral by a Wisconsin practitioner. Instead, the employee in *Allans* went to a doctor located in Illinois not because of a referral, but solely of his own volition. Clearly, then, because of *Allans'* factual dissimilarity, LIRC's position in *Allans* is not necessarily inconsistent with its position in *Olson* or this case. As such, it would be inappropriate to apply a de novo standard of review to LIRC's interpretation.

The remaining level of agency review is due weight deference. Under the due weight standard, "a court need not defer to an agency's interpretation which, while reasonable, is not the interpretation which the court considers best and most reasonable." *Harnischfeger*, 196 Wis. 2d at 660 n.4. Due weight deference is appropriate when the agency has some experience in an area, but has not developed the expertise which necessarily places it in a better position to make judgments regarding the interpretation of the statute than a court. The deference allowed an administrative agency under due weight is not so much based upon its knowledge or skill as it is on the fact that the legislature has charged the agency with the enforcement of the statute in question. Since in such situations the agency has had at least one opportunity to analyze the issue and formulate a position, a court will not over-

turn a reasonable agency decision that comports with the purpose of the statute unless the court determines that there is a more reasonable interpretation available.

This is very different than the deference granted to an agency under the great weight standard. If great weight deference is appropriate, a court will uphold an agency's reasonable interpretation that is not contrary to the clear meaning of the statute, even if the court feels that an alternative interpretation is more reasonable. Under due weight, however, the fact that the agency's interpretation is reasonable does not mean that its interpretation will necessarily be upheld. If a court finds an alternative interpretation more reasonable, it need not adopt the agency's interpretation. However, the court of appeals in this case, relying upon another court of appeals opinion, *Carrion Corp. v. DOR*, 179 Wis. 2d 254, 265, 507 N.W. 2d 356 (Ct. App. 1993), improperly concluded that under both great weight and due weight deference, an agency's interpretation will be upheld as long as it is reasonable.[3] *See UFE*, 193 Wis. 2d at 366.

---

[3] The court of appeals in *Carrion*, 179 Wis. 2d 254, relied upon this court's holding in *DILHR v. LIRC*, 161 Wis. 2d 231, 245, 467 N.W.2d 545 (1991), where we stated: " '[W]e will affirm the [agency's] interpretation of the statute if it is reasonable, even if another conclusion would be equally reasonable.' " *See Carrion*, 179 Wis. 2d at 265. This holding is still a correct statement of law. Under either due weight or great weight deference, an equally reasonable interpretation of a statute should not be chosen over the agency's interpretation. However, *DILHR* does not, as the court of appeals thought in *Carrion*, eviscerate the important difference between great weight and due weight deference: a more reasonable interpretation overcomes an agency's

■ We find, as did the court of appeals, *UFE*, 193 Wis. 2d at 367-68, that LIRC's interpretation should be granted due weight deference. Although it has not developed the expertise and specialized knowledge necessary to be accorded great weight deference, this case is not the first time LIRC has interpreted subsection (2)(a) either. LIRC has some experience in determining the proper medical expenses for which an employer is responsible. Therefore, LIRC's interpretation of Wis. Stat. § 102.42(2)(a) should be upheld unless there is a more reasonable interpretation available. UFE has not provided such an interpretation.

■ Courts should also resolve statutory ambiguities so as to advance the legislature's basic purpose in enacting the legislation. *See Carkel, Inc. v. Lincoln Cir. Ct.*, 141 Wis. 2d 257, 265-66, 414 N.W.2d 640 (1987). The Worker's Compensation Act was created to ensure that employees who become injured or ill through their employment receive the prompt and comprehensive medical care that is necessary for their well-being. *See Nigbor v. DILHR*, 120 Wis. 2d 375, 382, 355 N.W.2d 532 (1984); *Cruz v. ILHR*, 81 Wis. 2d 442, 449-50, 260 N.W.2d 692 (1978). This court has repeatedly held that the Act should be construed liberally in order to fully effectuate this purpose. *See, e.g., West Allis School Dist. v. DILHR*, 116 Wis. 2d 410, 421, 342 N.W.2d 415 (1984); *Nigbor*, 120 Wis. 2d at 382.

Of the two possible interpretations, LIRC's allows employees to more readily receive the treatment that

interpretation under due weight deference, while under great weight deference, a more reasonable interpretation will not overcome an agency's interpretation, as long as the agency's interpretation falls within a range of reasonableness.

they need. It provides the employee's Wisconsin practitioner the option of referring the employee for out-of-state treatment if necessary. UFE's interpretation, however, requiring employer approval, creates a significant roadblock in an employee receiving such treatment. It is clearly more beneficial for the employee to have the ultimate determination regarding out-of-state treatment in the hands of the employee's practitioner, rather than in the hands of the employee's employer. This gives the employee's practitioner more flexibility when determining the appropriate treatment for the employee's injury without being concerned that the employer will refuse to consent to the suggested care. Based on this reasoning, we conclude that LIRC's interpretation promotes the underlying purpose of the Act to a greater degree than UFE's.[4]

---

[4] UFE argues that there is legislative history which supports its interpretation of Wis. Stat. § 102.42(2)(a). Specifically, it refers to various comments made by the Worker's Compensation Advisory Council when discussing out-of-state medical treatment. However, although these comments show that the commission wanted the initial choice of practitioner to be licensed in Wisconsin, no mention is made regarding out-of-state treatment based upon referral. Furthermore, UFE asserts that the comments show the commission's concern that unlimited examinations would be performed outside the state at great expense to employers. LIRC's interpretation, though, will in no way encourage unlimited out-of-state treatment; the employer will only be responsible for treatment which is deemed necessary by the primary practitioner. It will be the exception rather than the rule that such treatment is required. As the court of appeals noted, "[t]he suggestion that treating physicians will refer patients to expensive out-of-state treatment centers without justification is contrary to the physicians' responsibilities." *UFE*, 193 Wis. 2d at 371.

■This court sees no reason to discard LIRC's construction of the statute for an alternative interpretation.[5] Not only is LIRC's interpretation the most reasonable interpretation available under the language of Wis. Stat. § 102.42(2)(a), it is also the one which most clearly effectuates the purpose of the Act.

*By the Court.*—The decision of the court of appeals is affirmed.

---

[5] In addition to its other arguments, UFE sets forth a number of public policy reasons why its interpretation should control rather than LIRC's. Although these public policy arguments may or may not have merit, they shed little light on the intention of the legislature in drafting Wis. Stat. § 102.42(2)(a). Furthermore, any merit they do have is not strong enough to overcome both the fact that LIRC's interpretation is entitled to due weight deference and the fact that LIRC's interpretation more readily effectuates the purpose of the Act.