Allen B. SCHENKOSKI, Plaintiff-Appellant,†

v.

LABOR & INDUSTRY REVIEW COMMISSION, Hartford Accident & Indemnity Co., Magna-Graphics Corporation, Commercial Union Insurance Co. and Egan Machinery, Defendants-Respondents.

Court of Appeals

*No. 96–0051. Submitted on briefs June 5, 1996.—Decided June 18, 1996.*

(Also reported in 552 N.W.2d 120.)

†Petition to review denied.

110

On behalf of plaintiff-appellant, the cause was submitted on the brief of *Steven I. Cohen* of *The Cohen Law Firm* of Green Bay.

On behalf of defendant-respondent Labor & Industry Review Commission, the cause was submitted on the brief of *James E. Doyle*, attorney general, and *Stephen M. Sobota*, assistant attorney general.

On behalf of defendants-respondents Hartford Accident & Indemnity Co., the cause was submitted on the brief of *Robert H. Zilske* of *Zilske Law Firm, S.C.* of Milwaukee.

Before Cane, P.J., LaRocque and Myse, JJ.

LaROCQUE, J.  Allen Schenkoski appeals a judgment confirming a Labor and Industry Review Commission final order that held that the Department of Industry, Labor and Human Relations lacked jurisdiction to conduct any further proceedings concerning a work-related back injury Schenkoski incurred in 1985. Schenkoski entered a full compromise with his employer and its insurer for all claims related to the back injury in 1988. Section 102.16(1), STATS., places a one-year time limit on DILHR's review of worker's compensation related compromises. Schenkoski incurred additional medical expenses related to his back injury more than one year after the compromise. LIRC held that § 102.16(1) does not grant DILHR authority to reopen a valid compromise between the parties, even though Schenkoski sustained additional expenses. Schenkoski argues that DILHR is required to review the compromise despite the time limitation because § 102.42(1), STATS., imposes a continuing obligation on employers to compensate employees for work-related

111

medical expenses.[1] We conclude that § 102.42(1) does not empower DILHR to review compromises after the time limit imposed by § 102.16(1). Therefore, we affirm the circuit court judgment.

While working at Magna-Graphics in 1985, Schenkoski incurred a back injury when he lifted a heavy object. In 1988, Schenkoski, Magna Graphics and its insurer advised DILHR that they had entered into a full compromise for worker's compensation related to the back injury. DILHR approved the compromise.

While at work in 1992, Schenkoski exacerbated his pre-existing back injury and incurred additional medical expenses. Magna-Graphics and its insurer denied Schenkoski's worker's compensation claim on the grounds that he had received compensation for all expenses related to his back injury, including future expenses, in the 1988 compromise. An administrative law judge dismissed Schenkoski's worker's compensation claim. Schenkoski appealed the ALJ's decision to LIRC, which set aside the ALJ's order and submitted its own findings dismissing the application and holding

---

[1] Section 102.42(1), STATS., provides in part:

**(1)** Treatment of employe. The employer shall supply such medical, surgical, chiropractic, psychological, podiatric, dental and hospital treatment, medicines, medical and surgical supplies, crutches, artificial members, appliances, and training in the use of artificial members and appliances . . . The obligation to furnish such treatment and appliances shall continue as required to prevent further deterioration in the condition of the employe or to maintain the existing status of such condition whether or not healing is completed.

In *Lisney v. LIRC*, 171 Wis. 2d 499, 493 N.W.2d 14 (1992), our supreme court held this subsection requires an employer to pay medical expenses even after a final order has been issued.

that DILHR lacked jurisdiction to conduct any further proceedings. The circuit court confirmed LIRC's order.

We review LIRC's decision, not the decision of the circuit court. *Richland County DSS v. DHSS*, 183 Wis. 2d 61, 64, 515 N.W.2d 272, 274 (Ct. App. 1994). The issue in this case is whether § 102.42(1), STATS., grants DILHR the authority to review a compromise agreement beyond the time allowed by § 102.16(1), STATS. Statutory interpretation is a question of law; we are not bound by LIRC's decision. *See UFE Inc. v. LIRC*, 201 Wis. 2d 274, 281, 548 N.W.2d 57, 60 (1996). Although we defer to LIRC's interpretations in some situations, "[c]ourts owe no deference to an agency's determination concerning its own statutory authority." *WP&L v. PSC*, 181 Wis. 2d 385, 392, 511 N.W.2d 291, 293 (1994).[2]

Schenkoski concedes that he is not challenging the compromise within the time period provided by § 102.16(1), STATS.:

> Every compromise of any claim for compensation may be reviewed and set aside, modified or confirmed by the department within one year from the date the compromise is filed with the department, or from the date an award has been entered, based thereon, or the department may take that action upon application made within one year. Unless the

---

[2] In this case, we are reviewing LIRC's interpretation of DILHR's statutory power. However, LIRC only has the power to review worker's compensation cases on which a DILHR examiner has made a decision. Section 102.18(3), STATS. Thus, LIRC's decision regarding DILHR's power to review a case determines its own power to review a case. Consequently, we will give LIRC's decision no deference. *See WP&L v. PSC*, 181 Wis. 2d 385, 392, 511 N.W.2d 291, 293 (1994).

word "compromise" appears in a stipulation of set-
tlement, the settlement shall not be deemed a
compromise, and further claim is not barred . . . .

Schenkoski also does not dispute that the word "com-
promise" appeared in the settlement.

Schenkoski argues that § 102.42(1), STATS., as
interpreted by *Lisney v. LIRC*, 171 Wis. 2d 499, 493
N.W.2d 14 (1992), allows DILHR to review com-
promises after the one-year statute of limitations in
§ 102.16(1), STATS., expires if the employee incurs medi-
cal expenses after that time period expires. Under
§ 102.42(1), employers have a continuing obligation to
compensate employees for medical expenses incurred
because of work-related injuries.

In *Lisney*, our supreme court held that § 102.42(1),
STATS., required an employer to pay medical expenses
incurred by an employee after a final order. *Lisney* is
distinguishable because it involved a final order and
our case involves a compromise. In *Lisney*, our supreme
court reasoned that the plain language of § 102.42(1)
imposes a continuing obligation on the employer, and
that there is no statutory language to the contrary. *Id.*
at 507, 493 N.W.2d at 16.

In contrast, Schenkoski's proposed broad reading
of § 102.42(1), STATS., contravenes the time limit for
review of compromises in § 102.16(1), STATS. In further
contrast, the *Lisney* court reasoned that it would be
inequitable to bar an employee from seeking additional
medical compensation because the final order only
compensated the employee for medical expenses
incurred prior to the hearing. *Id.* at 504, 515-16, 493
N.W.2d at 21. In our case, the compromise compen-

sated Schenkoski for both past and future medical expenses.[3]

Schenkoski argues that even if *Lisney* does not control this case, we should conclude that the employer's obligation to provide continuing medical expenses overrides the one-year statute of limitations provided in § 102.16(1), STATS. Schenkoski argues that the continuing obligation provided in § 102.42(1), STATS., conflicts with the statute of limitations in § 102.16(1) because DILHR cannot enforce an employer's continuing obligation to pay medical expenses beyond one year after a compromise if the statute of limitations in § 102.16(1) is followed. Schenkoski concludes that, based on his interpretation of legislative intent, we should resolve this conflict by allowing DILHR to enforce his right to collect for his continuing medical expenses even after one year. *See City of Milwaukee v. Kilgore*, 193 Wis. 2d 168, 183, 532 N.W.2d 690, 695 (1995) (When two laws are inconsistent, the intent of the legislature controls our interpretation.).

We reject Schenkoski's argument because the statute of limitations in § 102.16(1), STATS., does not conflict with § 102.42(1), STATS., as interpreted by *Lisney*. In *Lisney*, our supreme court expressly recognized that an employer's continuing obligation to provide an employee's medical treatment under § 102.42(1) is limited by the statute of limitations applicable in that

---

[3] LIRC found that Schenkoski agreed to relinquish his rights to future medical expenses in consideration for entering the compromise. Schenkoski challenged this finding on appeal to the circuit court, but does not pursue his challenge on appeal to this court. An issue raised but not briefed or argued is deemed abandoned. *Reiman Assocs., Inc. v. R/A Advertising, Inc.*, 102 Wis. 2d 305, 306 n.1, 306 N.W.2d 292, 294 n.1 (Ct. App. 1981).

case, § 102.17(4), STATS.[4] *Id.* at 507-08, 493 N.W.2d at 17. Section 102.16(1) is the statute of limitations applicable in our case because our case involves a compromise, not a final order. No conflict exists between *Lisney* and § 102.16(1) because § 102.16(1) merely provides another statute of limitations that limits an employer's continuing obligation to provide support.

■

We also note that Schenkoski's proposed resolution of the alleged conflict between § 102.16(1), STATS., and § 102.42(1), STATS., is untenable because it eliminates the statute of limitations provided by § 102.16(1). When construing statutes that seemingly conflict, we must make every effort to give effect to the purpose of each statute. *Kilgore,* 193 Wis. 2d at 184, 532 N.W.2d at 695-96.

■

In conclusion, we reject Schenkoski's contention that § 102.42(1), STATS., requires us to ignore the time limit for review of compromises in § 102.16(1), STATS.[5] Further, *Lisney* is distinguishable because it involved a final order, not a compromise. Therefore, DILHR and LIRC lack jurisdiction to hear Schenkoski's petition for

___

[4] Section 102.17(4), STATS., provides in part:

The right of an employe, the employe's legal representative or dependent to proceed under this section shall not extend beyond 12 years from the date of the injury or death or from the date that compensation, other than treatment or burial expenses, was last paid, or would have been last payable if no advancement were made, whichever date is latest.

[5] We do not address the question whether a compromise that allows reconsideration of the award more than a year from the date of the award would comply with § 102.16(1), STATS.

review of his compromise because he filed the petition beyond the time allowed by § 102.16(1).

*By the Court.*—Judgment affirmed.