MINERAL POINT UNIFIED SCHOOL DISTRICT, Petitioner-
Respondent,

v.

WISCONSIN EMPLOYMENT RELATIONS COMMISSION,
Respondent-Co-Appellant,

MINERAL POINT EDUCATIONAL SUPPORT PERSONNEL,
Respondent-Appellant.

Court of Appeals

*No. 01–1247. Submitted on briefs November 8, 2001.—Decided
January 31, 2002.*

## 2002 WI App 48

(Also reported in 641 N.W.2d 701.)

329

On behalf of the respondent-appellant, the cause was submitted on the briefs of *Mary E. Pitassi* of *Wisconsin Education Association Council,* Madison.

On behalf of the respondent-co-appellant, the cause was submitted on the briefs of *William H. Ramsey,* assistant attorney general, and *James E. Doyle,* attorney general.

On behalf of the petitioner-respondent, the cause was submitted on the brief of *Eileen A. Brownlee* of *Kramer of Brownlee & Infield, LLC,* Fennimore.

Before Vergeront, P.J., Roggensack and Deininger, JJ.

¶ 1. VERGERONT, P.J. The Wisconsin Employment Relations Commission (WERC) decided that the "labs technician" at Mineral Point Unified School District was a municipal employee, not a confidential

employee under Wis. Stat. § 111.70(1)(i) (1999–2000),[1] and therefore was included within the bargaining unit. The circuit court reversed that decision, and Mineral Point Educational Support Personnel (MPESP) and WERC appeal. They contend that WERC correctly decided that the labs technician position is properly included in the bargaining unit because the labs technician is not a confidential employee. We agree and reverse the circuit court's order.

## BACKGROUND

¶ 2. MPESP filed a petition with WERC to clarify the collective bargaining unit of employees within the district by a determination that the labs technician position was included in the unit. The district contended that the labs technician should be a "confidential employee" and properly excluded from the bargaining unit.

¶ 3. Under the job description the labs technician is to assist staff and facilitate computer programming and to manage technology and audio-visual (AV) equipment to meet the needs of teachers and students. The "essential functions" of the position include: installing and maintaining the computer network and offering support to users; assisting in the development of computer education programs; maintaining the district's TV system, AV equipment, photocopiers, and fax machines; and assisting staff in operating AV equipment.

¶ 4. The district currently has two confidential employees, both of whom assist the district in the bargaining process.

---

[1] All references to the Wisconsin Statutes are to the 1999–2000 version unless otherwise noted.

¶ 5. At the hearing before the WERC examiner, the parties questioned Cindy Schaaf, the district's current labs technician. Schaaf testified that her current supervisors are Vincent Smith, the district's superintendent, and Ted Evans, the middle/high school principal. Schaaf's position involves building, programming, and networking computers. She also maintains all computers in the school labs and records a television program that runs in all classrooms at noon. The only circumstances under which she would feel that she needed to look at any personnel evaluations or bargaining files would be if directed by one of her supervisors.

¶ 6. Based on the testimony at the hearing, WERC made the following findings. Schaaf has not participated in preparing bargaining proposals for labor contracts, has never attended an executive session where labor relations were discussed, has never prepared any reports that would affect other bargaining units employees' personnel decisions or done any costing of collective bargaining proposals, and has not participated on behalf of the district in grievance procedures or other labor relations matters. Schaaf's position allows her to have access with total security clearance to all files on the district's computer server, including the files of the superintendent and the principal. Schaaf is the only person with full clearance to the computer files in the district. However, although Schaaf has access to computer files with confidential labor relations matters, she has never gone into the files and her duties do not require her to do so. WERC concluded that the labs technician was not a confidential position under Wis. Stat. § 111.70(1)(i) and therefore was included in the bargaining unit as a municipal employee.

¶ 7. The district sought review of WERC's decision in the circuit court. The court concluded that the record was inadequate to support WERC's findings and remanded to WERC for additional fact-finding.

¶ 8. At the hearing after remand, Schaaf, Superintendent Smith, and Principal Evans testified. Based on this testimony, WERC made the same findings it had made after the first hearing, with these added findings. In addition to Schaaf's duties included in the job description for labs technician, Schaaf assists staff in opening e-mails as needed and searches for large files that can be removed when the server becomes overloaded. Schaaf has not been given a directive by any administrator to read bargaining material prepared by the district, summarize materials in preparation for a bargaining session, or assist the district's two confidential employees or administrators in preparing materials for a bargaining agreement. At Schaaf's interview for the position, no one indicated that she would be dealing with documents pertaining to collective bargaining as part of her job duties. Finally, even though Evans has directed Schaaf to investigate and report any internet abuse on occasion, a district computer consultant, who is not a district employee, has the expertise to check internet use.

¶ 9. WERC again concluded that the labs technician was not a confidential employee under Wis. Stat. § 111.70(1)(i) and ordered that that position be included in the bargaining unit. One commissioner dissented, concluding that the position was confidential because the labs technician is responsible for monitoring and reporting improper employee computer usage and Schaaf is the only employee capable of performing this function.

¶ 10. The district again appealed WERC's decision to the circuit court. The court decided that it was appropriate to give due weight to WERC's conclusion of law. Applying that standard, the court stated it did not agree with WERC's conclusion that the labs technician is not a confidential emplóyee. It therefore reversed WERC's decision and ordered the labs technician position excluded from the bargaining unit as a confidential employee.

## DISCUSSION

■

¶ 11. Resolution of this issue involves the interpretation of Wis. Stat. § 111.70(1)(i), which provides:

> "Municipal employee" means any individual employed by a municipal employer other than an independent contractor, supervisor, or confidential, managerial or executive employee.

Since the parties do not dispute WERC's findings of fact, the interpretation and application of § 111.70(1)(i) to the facts as found by WERC presents a question of law. *Hillhaven Corp. v. DHFS*, 2000 WI App 20, ¶ 12, 232 Wis. 2d 400, 606 N.W.2d 572.

■

¶ 12. In deciding an appeal from a circuit court's order affirming or reversing an administrative agency's decision, we review the decision of the agency, not that of the circuit court. *Barnes v. DNR*, 178 Wis. 2d 290, 302, 506 N.W.2d 155 (Ct. App. 1993), *aff'd,* 184 Wis. 2d 645, 516 N.W.2d 730 (1994). Although we are not bound by an agency's conclusions of law, we may accord them deference. *UFE Inc. v. LIRC*, 201 Wis. 2d 274, 284, 548 N.W.2d 57 (1996). The parties here dispute the level of

deference we should give WERC's interpretation of WIS. STAT. § 111.70(1)(i). MPESP and WERC contend the agency's decision is entitled to great weight, while the district argues that due weight is the appropriate level.

¶ 13. Generally, we give great weight deference when: (1) the agency was charged by the legislature with the duty of administering the statute; (2) the interpretation of the agency is long-standing; (3) the agency employed its expertise or specialized knowledge in forming the interpretation; and (4) the agency's interpretation will provide uniformity and consistency in the application of the statute. *UFE Inc.*, 201 Wis. 2d at 284. Under great weight deference, we accept an agency's interpretation as long as it is reasonable. *Id.* at 287.

¶ 14. Due weight deference is appropriate when the agency has some experience in an area, but has not developed the expertise that necessarily places it in a better position to make judgments regarding interpretation of a statute. *Id.* at 286. Due weight deference is based primarily on the fact that the legislature has charged the agency with the enforcement of the statute in question. *Id.* Under due weight deference we accept an agency's interpretation as long as it is at least as reasonable as any other interpretation. *Id.* at 286–87.

¶ 15. The district concedes that in this case the first and third standards for applying great weight deference are met,[2] but, it argues, the second and

---

[2] There is no question that for over thirty years WERC has administered, at the legislature's direction, the statutes relating to municipal employment relations. *See* WIS. STAT. § 111.70(4)(d)2.a. We are also satisfied that WERC has

fourth are not. With respect to the second standard, the district contends there is no long-standing application of the statute to employees who have unrestricted access to every computer file in the possession of the employer, unrestricted access to every employee's files, and unrestricted access to the records of all internet use.

¶ 16. We disagree with the district's assertion that because some of the facts in this case differ from those · in prior WERC decisions, WERC does not have a long-standing history of interpreting Wɪs. Stat. § 111.70(1)(i). As we have stated before when discussing this standard:

> The test is not, however, whether [WERC] . . . has ruled on the precise—or even substantially similar—facts in prior cases . . . . Rather, the cases tell us that the key in determining what, if any, deference courts are to pay to an administrative agency's interpretation of a statute is the agency's experience in administering the particular statutory scheme—and that experience must necessarily derive from consideration of a variety of factual situations and circumstances. Indeed, we have recognized in a series of cases that an agency's experience and expertise need not have been exercised on the precise—or even substantially similar—facts in order for its decision to be entitled to judicial deference.

*Barron Elec. Coop. v. PSC*, 212 Wis. 2d 752, 764, 569 N.W.2d 726 (Ct. App. 1997) (footnote omitted).

¶ 17. As the district concedes, "[t]here is no question that [WERC] . . . has had numerous opportunities to determine who is and who is not a confidential

considerable expertise in addressing issues involving bargaining units for municipal employees. *See Arrowhead United Teachers Org. v. WERC*, 116 Wis. 2d 580, 594, 342 N.W.2d 709 (1984).

employee." The parties have cited to numerous decisions dating back almost twenty years in which WERC has made determinations about whether a particular position was confidential under WIS. STAT. § 111.70(1)(i). Accordingly, we conclude WERC's interpretation of this statute is of long-standing.

¶ 18. With respect to the fourth standard, the district argues that WERC's application of the term "confidential employee" to similarly situated individuals has been inconsistent.[3]

¶ 19. In its decision in this case, WERC articulated this test for "confidential employee":

> We have held that for an employee to be held confidential, the employee must have sufficient access to, knowledge of or participation in confidential matters relating to labor relations. For information to be confidential in the labor relations context, it must: (a) deal with the employer's strategy or position in collective bargaining, contract administration, litigation or other similar matters pertaining to labor relations and grievance handling between the bargaining representative and the employer; and (b) be information which is not available to the bargaining representative or its agents.

> While a *de minimis* exposure to confidential matters is generally insufficient grounds for exclusion of an employee from a bargaining unit, we have also sought to protect an employer's right to conduct its labor relations through employees whose interests are

---

[3] Although the district argues that due weight is appropriate in part because of this inconsistency, we note that we generally employ a de novo review "when an agency's position on an issue has been so inconsistent so as to provide no real guidance." *UFE Inc. v. LIRC*, 201 Wis. 2d 274, 285, 548 N.W.2d 57 (1996).

aligned with those of management. Thus, notwithstanding the actual amount of confidential work conducted, but assuming good faith on the part of the employer, an employee may be found to be confidential where the person in question is the only one available to perform legitimate confidential work, and similarly, where a management employee has significant labor relations responsibility, the clerical employee assigned as his or her secretary may be found to be confidential, even if the actual amount of confidential work is not significant, where the confidential work cannot be assigned to another employee without undue disruption of the employer's organization.

(Citations omitted.)

¶ 20. The district contends that prior WERC decisions are inconsistent because in some cases WERC has determined that de minimis access or exposure to confidential materials was a significant ground for excluding an employee—*Howard-Suamico Sch. Dist.*, Dec. No. 22731–A (WERC Sept. 14, 1988), and *Town of Grand Chute*, Dec. No. 22934 (WERC Sept. 30, 1985)—while in other cases WERC has determined that de minimis access to confidential information was insufficient to create confidential status—*Waukesha County*, Dec. No. 26020–A (WERC Sept. 27, 1989), and *City of New Berlin*, Dec. No. 13173–B (WERC Aug. 25, 1983).

¶ 21. We do not agree that these cases show that WERC's decisions are inconsistent. WERC has utilized the same analytical framework in its decisions related to confidential employees and the different results are explained by the different factual situations.

¶ 22. In *Howard-Suamico*, the employee was involved in costing bargaining proposals, as well as having computer access. While it is not clear from that decision whether the employee's potential access, absent the costing duties, would have been sufficient to

qualify the employee as a confidential employee, in later cases WERC decided that the potential for an employee to abuse computer access was not in itself a sufficient basis for finding that employee confidential. *Waukesha County*, Dec. No. 26020–A (WERC Sept. 27, 1989); *Elcho Sch. Dist.*, Dec. No. 27640–C (WERC April 25, 1997).

¶ 23. In *Town of Grand Chute*, WERC determined the office coordinator, who worked directly under the manager, was a confidential employee because:

> [I]f the employes here were to vote to establish a collective bargaining relationship and we were to include both [secretaries] in the unit, the Employer would be left to carry on its labor relations functions without benefit of the services of a confidential employe who could perform necessary office/clerical work required by such a relationship. Therefore, although [the office coordinator] only performs minimal confidential duties now, such duties in addition to the likelihood that she will be performing additional confidential work which will necessarily result should employes vote for representation, and the fact that she will be the only employe performing such work are sufficient to exclude her from the unit as a confidential employe.

This decision is an illustration of factors that make an employee "confidential" even though there are only minimal confidential duties present. It is consistent with the principle that generally a de minimis exposure or access to confidential materials is not sufficient. It is also consistent with *City of New Berlin*, in which WERC found there was another employee who was not part of the bargaining unit who could perform the minimal confidential labor relations performed by the employee in question.

¶ 24. The district also argues that in some decisions WERC has held that the fact an employee might engage in confidential duties in the future is insufficient to create a confidential status, while in other decisions it has held that a reasonable probability that an employee might engage in such duties is sufficient to create confidential status. The district cites *Village of Hales Corners*, Dec. No. 27604–A (WERC Nov. 30, 1993), and *Village of East Troy*, Dec. No. 26553 (WERC July 16, 1990), as an example of this conflict. We see no conflict. In both cases WERC determined that the likelihood of changes in job duties was sufficient to warrant confidential employee classification under the factual circumstances of each case. Indeed, in *Hales Corners*, WERC cites *East Troy* as one of the sources of the principles upon which it is relying.

¶ 25. In short, we conclude WERC's past and present interpretations of Wis. Stat. § 111.70(1)(i) serve to provide "uniformity and consistency in the application of the statute." We thus also conclude that WERC's interpretation and application of "confidential employee" in § 111.70(1)(i) is entitled to great weight deference. We therefore must determine whether WERC's interpretation and application of the statute in this case is reasonable. The burden of proof to show that the agency's interpretation is unreasonable is on the party seeking to overturn the agency's decision; the agency does not have to justify its interpretation. *Harnischfeger Corp. v. LIRC*, 196 Wis. 2d 650, 661, 539 N.W.2d 98 (1995). A decision is unreasonable if it directly contravenes the words of the statute, is clearly contrary to legislative intent, or is without rational basis. *Id.* at 662.

¶ 26. The district argues that WERC's determination that the labs technician is not a confidential employee is contrary to the recognized reasons for excluding confidential employees from collective bargaining units—to ensure that employees with access to confidential information will not be placed in a position where their loyalties are divided, and to provide municipal employers with some measure of confidence that the confidentiality of bargaining data, planning, and strategy will not be compromised.[4] The district con-

---

[4] As part of its decision, WERC determined that:

[T]here was nothing in the job description for the position that indicated that the Labs Technician performs confidential labor relations duties. Moreover, the incumbent testified that she had not been asked to perform any such confidential tasks, nor had she ever reviewed the contents of confidential files or attended management meetings where labor relations matters were discussed. The District has never authorized the Labs Technician to explore the content of confidential files to which she has access. The Labs Technician has not been asked to assist the other two confidential employees in doing any confidential work. Should confidential employees require the Technician's aid in accessing or downloading confidential labor relations materials, the Technician can provide such assistance without reading and absorbing the data herself. Thus, the question of whether the Labs Technician is a confidential employee arises solely from the access this employee has to all the District's computer files and, thus, the possibility that confidential information detrimental to the District's interest could become available to the Union because the Labs Technician abused her access by reviewing the **content** of a confidential file.

. . . .

This is not a case where the employer is attempting to conduct its labor relations through an employee of its choice. In fact, the District in this case has given the employee in dispute no duties dealing with labor relations. We find it significant that the Superintendent testified that he hoped that Schaaf had not read his files dealing with collective bargaining or employee misconduct. This is a clear indication that the District has no intention of giving the Labs Technician confidential labor relations duties.

tends that "access is access" and that WERC has deviated from its standard that de minimis access to confidential information is sufficient for an employee to be considered confidential.

¶ 27. We do not agree with the district's argument. WERC has consistently held that de minimis exposure alone is generally *insufficient* grounds for exclusion of an employee from a bargaining unit. WERC's decision in this case is not contrary to the purpose of preventing divided loyalties, because management has never asked the labs technician to do anything that would necessitate that she have a loyalty to the district that is in conflict with a loyalty to the bargaining unit; and there is no evidence the district might do so in the future. The labs technician has never been directed to open and read documents stored on the computers that pertain to collective bargaining. In addition, the superintendent does not want the labs technician to read any such documents and trusts that she will not. Therefore, including the position in the bargaining unit will not compromise the confidence the district may properly expect to have in the confidentiality of such matters.

¶ 28. The district also argues that Schaaf conducts investigation into employee computer use beyond fact-finding and makes judgments of what constitutes reportable misconduct. However, WERC found that a non-district employee was capable of checking internet use, and the testimony supports this finding. WERC's conclusion based on this finding is consistent with WERC's prior decisions that an employee is not a confidential employee when de minimis confidential work can be assigned to another employee without significant hardship to the organization.

¶ 29. WERC's interpretation is reasonable in all other respects as well. There is no evidence that its interpretation directly contravenes the words of the statute. Here the statute is ambiguous because "confidential employee" is not defined, and reasonable minds could differ as to its meaning. *See Harnischfeger Corp.*, 196 Wis. 2d at 662. If a statute is ambiguous, an agency's interpretation cannot, by definition, be found to directly contravene it. *Id.* In addition, WERC's interpretation and application of the statute to the facts of this case is rationally based. It is rational to analyze the actual duties involved in a position, rather than assume without evidence that an employee would act in an unauthorized or surreptitious manner. When a minimal portion of an employee's duties may be confidential, it is rational to consider whether an employee outside the bargaining unit could perform those duties. WERC considered the facts presented, in light of the principles developed in its prior decisions, and came to a reasonable conclusion.

¶ 30. Therefore, we reverse the circuit court's order and direct that it enter an order affirming WERC's decision that the labs technician position is not a confidential employee.

*By the Court.*—Order reversed.