Milwaukee Electric Railway & Light Company, Respondent, vs. City of Milwaukee and another, Appellants.

*November 12—December 6, 1932.*

For the appellants there was a brief by *Max Raskin,* city attorney, and *Mark A. Kline,* assistant city attorney, and oral argument by *Mr. Kline.*

For the respondent there was a brief by *Shaw, Muskat & Paulsen* of Milwaukee, and oral argument by *Martin R. Paulsen.*

NELSON, J.   The question for determination in this action is substantially the same as that in another action decided this day between the same parties (*Milwaukee E. R. & L. Co. v. Milwaukee, ante,* p. 656, 245 N. W. 856), involving the liability for the cost of removing and relocating certain conduits and cables belonging to the plaintiff located in the intersection of Cedar street (now Kilbourn avenue) and Sixth street.   The precise question for decision is whether the plaintiff or the defendant city should bear the expense of the removal and relocation of the plaintiff's electric conduits made necessary by the construction of a cross connection between the defendant's water mains, which interfered with the plaintiff's conduits.

While much of the law which ruled the other action is applicable here, some facts in this case distinguish it from the other and give rise to a contention made by the city which was not made in the other action.

In 1923 the plaintiff installed, as a part of its electric utility system, certain underground electric conduits and cables in and under the surface of North Forty-fourth street in the town of Wauwatosa.   Before undertaking such work the plaintiff filed a blue-print with the town board and made written application for a permit to open North Forty-fourth

street for the purpose of installing its conduits and cables. Action by the town board with respect to the plaintiff's application was not communicated to the plaintiff up to the time it desired to do the work. At that time plaintiff was interested in knowing whether its application had been granted. Plaintiff's underground engineer called the chairman of the town of Wauwatosa over the telephone and reminded him of the fact that the plaintiff had written for a permit to open the street. The chairman of the town thereupon stated: "That is all right, go ahead." He was then asked: "Are you going to give us a letter, Mr. Guentner?" and the chairman replied: "No, that is not necessary." The street was thereafter opened without objection on the part of the town and the cables and conduits were laid in compliance with proper engineering standards at considerable cost to the plaintiff. No complaint was ever made by the town as to the opening of the street or as to the installation of the conduits and cables therein. The plaintiff never obtained the *written* consent of the town board nor the approval of the state highway commission to install said electric conduits. In 1925 the territory including said street was annexed to the city of Milwaukee.

Of the numerous contentions made in this action all except one are similar to those considered in the companion case. This contention is that since the plaintiff did not obtain the written consent of the town board of Wauwatosa to install its conduits in said street they were unlawfully there and therefore had no priority over the city's proposed cross connection. Defendants' contention is based upon the provisions of sec. 86.16, Stats., which relates to "Electric lines on highways; place of poles; penalty." Sub. (1) provides in substance that any corporation may, with the written consent of the town board but subject to the approval of the state highway commission, construct electric lines for the purpose of transmitting light or power along or within the limits of any highway. Sub. (2) relates to the manner in

which poles shall be set so as not to interfere with the use of the highway by the public or of an adjoining owner and as to the height that wires shall be. Sub. (3) relates to the cutting of trees and the trimming of branches. Sub. (4) provides a penalty for erecting a pole or stringing a wire in violation of said section. Sub. (5) provides for an appeal to the highway commission upon refusal of the town to grant the application.

It appears without dispute in this case that the plaintiff made application to the town board for its written consent and that the town. chairman, when called on the telephone, stated that no written consent was necessary. Whether or not the town board had been advised that sec. 86.16 was not applicable to conduit construction as distinguished from pole and wire construction does not appear. It is quite apparent that when sec. 86.16 was enacted by the legislature only pole and wire construction was in contemplation. At least the legislature used no language applicable to conduit construction in towns. Whether or not the language of sec. 86.16 requires written consent from a town board to construct conduits in town highways we do not decide.

It is clear that the town had authority to give its consent in writing, subject to the approval of the state highway commission. Sec. 86.16 grants to towns authority in the nature of police powers so that public highways may not be unreasonably obstructed by poles and wires. In *South Shore Utility Co. v. Railroad Comm.* 207 Wis. 95, 240 N. W. 784, it was in effect so held and that a public utility acquires its right to carry on its business within the corporate limits of a town direct from the state. Since the facts herein show that the town chairman stated that written consent was unnecessary, and since the plaintiff thereafter went ahead, expended considerable sums of money not only in its own interest but in the interest of the town, we think that the town of Wauwatosa, were it claiming that the plaintiff's conduits were unlawfully in its streets, would be estopped so to

claim. *State ex rel. Knapp v. Pohle,* 185 Wis. 610, 202 N. W. 148; *Eau Claire Dells Imp. Co. v. Eau Claire,* 172 Wis. 240, 179 N. W. 2. This being our conclusion, we think that the defendant city, upon the annexation of said territory, obtained no greater rights than the town of Wauwatosa would have had.

Since the plaintiff's conduits in said street could not have been successfully attacked by the town in 1925 and since the city of Milwaukee on annexation obtained no greater rights than the town possessed, we have a situation which is ruled by the law of the companion case decided herewith, *ante,* p. 656, 245 N. W. 856.

*By the Court.*—Judgment affirmed.