Michael Borge, Petitioner-Appellant,

Betty C. Borge, Petitioner-(In T.ct.),

v.

Wisconsin Tax Appeals Commission and Wisconsin Department of Revenue, Respondents-Respondents.

Court of Appeals

*No. 01–0488. Submitted on briefs August 7, 2001.—Decided December 28, 2001.*

2002 WI App 14

(Also reported in 639 N.W.2d 757.)

627

On behalf of the petitioner-appellant, the cause was submitted on the briefs of *Michael Borge*, pro se.

On behalf of the respondents-respondents, the cause was submitted on the brief of *James E. Doyle*, attorney general, and *Alan Lee*, assistant attorney general.

Before Roggensack, Deininger and Lundsten, JJ.

¶ 1. ROGGENSACK, J.   The issue presented on this appeal is whether distributions received by the shareholders of a mutual fund that invests in state and local bonds are included as taxable income for purposes of the Wisconsin income tax. We conclude that WIS. STAT. § 71.05(6)(a)1 (1999–2000)[1] unambiguously requires taxpayers to include in their Wisconsin adjusted gross income "any interest . . . which is not included in federal adjusted gross income." And, under 26 U.S.C. §§ 103(a) and 852(b)(5), the distributions at issue here are treated as "an item of interest" that is excluded from federal gross income. Accordingly, the distributions are subject to state taxation, and we affirm the order of the circuit court.

---

[1] All further references to the Wisconsin Statutes are to the 1999–2000 version unless otherwise noted. We note that there have been no amendments to WIS. STAT. § 71.05(6)(a)1 during the years relevant to this appeal. *See, e.g.,* WIS. STAT. § 71.05(6)(a)1 (1991–92).

## BACKGROUND

¶ 2. Michael and Betty Borge, residents of Wisconsin, held shares in mutual funds that invest in certain state and local bonds. The mutual funds receive interest payments on the bonds from the obligors, subtract expenses and management fees and then distribute the remaining interest payments to the fund shareholders. The Borges received such distributions each year from 1993 to 1996.

¶ 3. It is undisputed that the distributions from the Borges' state and local bond funds are tax-exempt for purposes of federal income tax. The Borges, however, also excluded the distributions from their Wisconsin adjusted gross income on their state income tax returns for 1993, 1994, 1995 and 1996. The Wisconsin Department of Revenue (DOR) adjusted the returns, asserting that the distributions were taxable under Wis. Stat. § 71.05(6)(a)1. As a result of the adjustment, the Borges were assessed an additional $5,735 in state taxes, interest and penalties.

¶ 4. The Borges appealed the DOR's determination that the distributions are taxable income. They argued that although Wis. Stat. § 71.05(6)(a)1 expressly imposes state income tax on interest from the state and local bonds, the statute does not tax the distributions from their mutual funds, which they characterize as "dividends." The Wisconsin Tax Appeals Commission (Commission) rejected the Borges' argument and ruled that the DOR's determination was correct. The circuit court affirmed the Commission's decision, and Michael Borge appeals.

## DISCUSSION

### Standard of Review.

¶ 5.   We review the decision of the Commission, not the decision of the circuit court. *Gilbert v. DOR*, 2001 WI App 153, ¶ 7, 246 Wis. 2d 734, 633 N.W.2d 218. The Commission's decision turns on the construction of statutes. Statutory construction and the application of statutes to undisputed facts are questions of law. *Truttschel v. Martin*, 208 Wis. 2d 361, 364–65, 560 N.W.2d 315, 317 (Ct. App. 1997). Although we are not bound by the Commission's legal conclusions, circumstances may warrant according some level of deference to the Commission. However, an administrative interpretation may be given deference only where there is an ambiguity in the statute. *Lincoln Sav. Bank, S.A. v. DOR*, 215 Wis. 2d 430, 443, 573 N.W.2d 522, 528 (1998).

### Statutory Interpretation.

¶ 6.   In order to determine whether the distributions at issue are taxable income under Wisconsin law, we must (1) determine whether the item is included in or excluded from the federal definition of adjusted gross income, and (2) determine whether there is a state exception to the federal rule. This two-step inquiry is necessary because Wisconsin has "federalized" its basic definition of adjusted gross income for purposes of the state income tax. *See DOR v. Caterpillar, Inc.*, 2001 WI App 35, ¶¶ 9–13, 241 Wis. 2d 282, 625 N.W.2d 338 (noting similar "federalization" of the corporate franchise tax structure), *review denied*, 2001 WI 43, 242 Wis. 2d 545, 629 N.W.2d 784. That is, the state legisla-

ture has provided that, with a few express exceptions, " 'Wisconsin adjusted gross income' means federal adjusted gross income." WIS. STAT. § 71.01(13).

¶ 7.   Under federal law, interest earned on most state and local bonds is excluded from gross income. 26 U.S.C. § 103(a) (2000).[2] Section 852 of the Internal Revenue Code (IRC) expressly sets forth the treatment of such tax-exempt interest when it is passed in the form of dividends to shareholders of regulated investment companies (*i.e.,* mutual funds):[3]

> **(5) Exempt-interest dividends.** If, at the close of each quarter of its taxable year, at least 50 percent of the value (as defined in section 851(c)(4)) of the total assets of the regulated investment company consists of obligations described in section 103(a), such company shall be qualified to pay exempt-interest dividends, as defined herein, to its shareholders.

> (A) Definition. An exempt-interest dividend means any dividend or part thereof (other than a capital gain dividend) paid by a regulated investment company and designated by it as an exempt-interest dividend in a written notice mailed to its shareholders. . . .

> . . . .

> (B) Treatment of exempt-interest dividends by shareholders. An exempt-interest dividend shall be

---

[2] There have been no relevant amendments to the federal statutes at issue between 1993 and the current version of the Internal Revenue Code.

[3] The parties' briefs appear to agree that the interest payments on the bonds held by the mutual funds at issue are tax-exempt under 26 U.S.C. § 103(a) and that the mutual funds at issue are "regulated investment companies" under 26 U.S.C. § 851. As there is no dispute over these matters, we follow the parties' implicit agreement.

631

treated by the shareholders for all purposes of this subtitle *as an item of interest excludable from gross income* under section 103(a). Such purposes include but are not limited to—

(i) the determination of gross income and taxable income. . . .

26 U.S.C. § 852(b)(5) (emphasis added).

¶ 8. Therefore, under 26 U.S.C. § 852(b)(5), the distributions at issue are "exempt-interest dividends," and shareholders are to treat them as "an item of interest excludable from gross income" for purposes of federal taxation. And, because Wisconsin has federalized its definition of adjusted gross income, the relevant question becomes whether the state has enacted an exception that adds back this federally excluded "item of interest."

¶ 9. WISCONSIN STAT. § 71.05(6)(a)1 instructs state taxpayers in relevant part:

(a) *Additions.* To federal adjusted gross income add:

1. The amount of *any interest,* except interest under par. (b)1., less related expenses, *which is not included in federal adjusted gross income.* . . .

(Emphasis added.) The Commission concluded that because the IRC expressly denominates "exempt-interest dividends" as "an item of interest" excluded from federal adjusted gross income, the phrase "any interest . . . which is not included in federal adjusted gross income" in § 71.05(6)(a)1 must be read to include the distributions at issue. Borge contends that the term "interest," as used in § 71.05(6)(a)1, does not encompass those distributions. In the alternative, he argues that

§ 71.05(6)(a)1 is ambiguous and that it should be construed narrowly in his favor. We agree with the Commission.

¶ 10.  When we construe a statute, our aim is to ascertain the intent of the legislature. *S.C. Johnson & Son, Inc. v. DOR*, 202 Wis. 2d 714, 721, 552 N.W.2d 102, 105 (Ct. App. 1996). We begin with the language of the statute itself, looking not at isolated words or phrases, but at the meaning of the relevant language in the context of the entire statute. *Id.*; *Alberte v. Anew Health Care Servs., Inc.*, 2000 WI 7, ¶ 10, 232 Wis. 2d 587, 605 N.W.2d 515. "If the language of the statute clearly and unambiguously sets forth the legislative intent, it is our duty to apply that intent to the case at hand and not look beyond the statutory language to ascertain its meaning." *Landis v. Physicians Ins. Co. of Wisconsin, Inc.*, 2001 WI 86, ¶ 14, 245 Wis. 2d 1, 628 N.W.2d 893. However, if a statute is capable of being understood by reasonably well-informed persons in either of two senses, it is ambiguous and we will engage in judicial construction. *Id.* at ¶ 15.

¶ 11.  In this case, the relevant language in Wis. Stat. § 71.05(6)(a)1 provides that Wisconsin taxpayers are to add to their federal adjusted gross income "any interest . . . which is not included in federal adjusted gross income." The plain meaning of this language requires taxpayers to determine the types of interest that are expressly excluded from federal adjusted gross income and then to add those items back into Wisconsin adjusted gross income unless they fall in one of the express exceptions. As explained above, 26 U.S.C. § 852(b)(5) clearly states that exempt-interest dividends are to be treated as "an item of interest excludable from gross income under section 103(a)" for

purposes of determining federal gross income. Wisconsin relies on the federal definition of adjusted gross income as its baseline definition of Wisconsin adjusted gross income, and, for that reason, the distributions at issue are a type of interest for purposes of § 71.05(6)(a)1. Stated another way, the IRC excludes the distributions from taxable income as a type of interest, and § 71.05(6)(a)1 unambiguously requires Wisconsin taxpayers to include in Wisconsin adjusted gross income (with a few exceptions not relevant here) all types of interest excluded for federal purposes.

¶ 12. Because we conclude that WIS. STAT. § 71.05(6)(a)1 is not ambiguous, we apply its plain meaning to the facts of this case, and we further conclude that Borge's distributions from mutual funds dealing in state and local bonds, although excludable as tax-exempt interest from federal gross income under 26 U.S.C. §§ 103(a) and 852(b)(5), are a type of interest that must be added to his Wisconsin income.

¶ 13. We reject Borge's argument that the distributions at issue and the underlying interest payments are so different in character that any attempt to tax the distributions as a form of interest would be nonsensical or, at the very least, lead to an ambiguity. First, Borge's argument ignores the plain meaning of the relevant language in WIS. STAT. § 71.05(6)(a)1 and the federalization of the Wisconsin income tax. Second, we note that this court has previously rejected a similar attempt to distinguish investment distributions from the nature of the underlying investment income. *See Capital Pres. Fund, Inc. v. DOR*, 145 Wis. 2d 841, 847, 429 N.W.2d 551, 554 (Ct. App. 1988).

¶ 14. In *Capital Preservation*, the question was whether distributions from a fund or trust that invested in direct obligations of the federal government could be subjected to state income taxation. The majority concluded that the distributions were exempt because taxing the distributions would amount, in effect, to taxation of the income earned on the underlying investments. *Id.* at 844–47, 429 N.W.2d at 553–54. The dissent disagreed, concluding that "any identity between [the interest income earned on federal obligations] and the dividends [received by the shareholders] has been lost by the time the dividends are distributed" due to the fact that the fund first deducted expenses and management fees. *Id.* at 853, 429 N.W.2d at 557. Although *Capital Preservation* involved different state and federal statutes, the majority's reasoning in that case supports our conclusion here that passing interest income through a mutual fund, while perhaps accomplishing important investment objectives, does not fundamentally change the nature of the income or create a *per se* ambiguity in WIS. STAT. § 71.05(6)(a)1.

## CONCLUSION

¶ 15. We conclude that WIS. STAT. § 71.05(6)(a)1 unambiguously requires taxpayers to include in their Wisconsin adjusted gross income "any interest . . . which is not included in federal adjusted gross income." And, under 26 U.S.C. §§ 103(a) and 852(b)(5), the distributions at issue are treated as "an item of interest" that is excluded from federal gross income. Accordingly, the distributions are subject to state taxation, and we affirm the order of the circuit court.

*By the Court.*—Order affirmed.